# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HARRY SCHMIDT,

               Plaintiff,

v.

NANCY BOWENS,

               Defendant.

Case No. 19-CV-1826-JPS

**ORDER**

Plaintiff Harry Schmidt, a prisoner proceeding *pro se*, filed a complaint in the above-captioned action along with a request to proceed *in forma pauperis*. (Docket #1 and #2). The Court assessed an initial partial filing fee ("IPFF") of $3.38 and ordered that it be paid on or before January 24, 2020. *See* (Docket #10). On January 21, 2020, the Court received a letter from Plaintiff seeking permission to use funds from his release account to satisfy the IPFF. (Docket #11).

"A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878 at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466). Given the purpose of the release account, federal courts do not deem it prudent to focus on that account as the source of funds to satisfy the full filing fee payment requirements. *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes

that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002).

Nonetheless, the Court will permit Plaintiff to use funds from his release account solely for the purpose of paying the IPFF. The Court will not permit Plaintiff to tap into his release account for the entirety of his filing fee or other litigation costs. Further, Plaintiff is admonished that it is his responsibility to ensure that his prison's business office sends payment; that may require that Plaintiff present this Order to his prison's business office personally. Finally, the Court will extend Plaintiff's deadline to pay the IPFF to fourteen (14) days from the entry of this Order.

Accordingly,

**IT IS ORDERED** that Plaintiff's request to use his release account funds to pay the initial partial filing fee (Docket #11) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's deadline to pay the initial partial filing fee be and the same is hereby **EXTENDED** to fourteen (14) days from the entry of this Order;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall release $3.38 from Plaintiff's release account for payment of the initial partial filing fee; and

**IT IS FURTHER ORDERED** that copies of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 24th day of January, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge