# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HARRY SCHMIDT,

                     Plaintiff,

v.                                                   Case No. 19-CV-1826-JPS

NANCY BOWENS,

                                                           **ORDER**

                     Defendant.

Plaintiff Harry Schmidt, an inmate confined at the Oshkosh Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendant violated his rights. This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

1. **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On January 24, 2020, the Court ordered Plaintiff to pay an initial partial filing fee of $3.38 from his release account. (Docket #12). Plaintiff paid that fee on February 3, 2020. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay

the remainder of the filing fee over time in the manner explained at the end of this order.

**2.     SCREENING THE COMPLAINT**

**2.1     Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right

was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff's allegation is one short paragraph and one sentence regarding the relief he wants. Specifically, "Nancy Bowens violated my right when I had scabe. She wouldn't give me the right meds to take care of the scabe the first time. I think I first got it in March 5th 2017. It happen at Oshkosh Correctional Institution." (Docket #1 at 2). "I deserve money damage because I shouldn't have had to go though the scabe issue four time before they give me the medication the 4th time to take it away." (*Id.* at 4).

### 2.3 Analysis

The Court presumes that Plaintiff is alleging that he had scabies, and merely misspelled the ailment. It appears Plaintiff is alleging that Defendant violated his Eighth Amendment right to adequate medical care, when Defendant did not provide Plaintiff with the proper medication to resolve his scabies at his first appointment. Further, Plaintiff's statement regarding relief indicates that he saw Defendant several times and was given the medication that resolved his scabies on the fourth appointment.

The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). To sustain this claim, Plaintiff must show: (1) an objectively serious medical condition; (2) that Defendant knew

Page 3 of 8
Case 2:19-cv-01826-JPS   Filed 10/02/20   Page 3 of 8   Document 17

of the condition and was deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *See Reed v. McBride*, 178 F.3d 849, 852 (7th Cir.1999).

Courts have found that scabies can be a serious medical condition. *See Ciccone v. Sapp*, 238 Fed. Appx. 487, 490 (11th Cir. 2007) ("scabies could be deemed objectively serious"); *Dusenbery v. United States*, 208 Fed. Appx. 180, 182–83 (3d Cir. 2006) (defendant health care provider could be held liable for a violation of inmate's constitutional rights if he believed that the inmate had scabies and deliberately did not treat the disorder). Thus the Court assumes for the purpose of screening that Plaintiff alleges a serious medical condition.

Plaintiff's allegation fails to meet the second prong of deliberate indifference. The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Even if a defendant recognizes the substantial risk, he is free from liability if he "responded reasonably to the

risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 843 (1994).

Plaintiff has indicated that he was seen by Defendant four times and was given medication for his scabies. (Docket #1 at 4). On Plaintiff's fourth interaction with Defendant, Plaintiff was given the medication that resolved his scabies. (*Id.*) Plaintiff asserts that he should not have had to wait until his fourth visit to get medication that resolved his scabies. (*Id.*) However, the fact that a Plaintiff disagrees with a prescribed course of treatment does not constitute deliberate indifference. *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007) (citing *Estelle*, 429 U.S. at 107). At best, Defendant was negligent in providing Plaintiff with medication that did not resolve his scabies until the fourth visit, but negligence is not enough to violate the Constitution. *Estelle*, 429 U.S. at 105–06; *Roe*, 631 F.3d at 857.

The Court will allow Plaintiff an opportunity to amend his complaint to expound upon his allegations against Defendant, specifically regarding the treatment Plaintiff received before he was given the medication that resolved his scabies. If he chooses to offer an amended complaint, Plaintiff should provide the Court with enough facts to answers to the following questions: 1) What treatment did Plaintiff receive at each visit to HSU; 2) What happened at each visit to HSU; and 3) What treatment Defendant provided Plaintiff at each visit to HSU. Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and the defendant with notice of what the defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its complaint form and instructions. Plaintiff must list any defendant in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that

give rise to the claims he wishes to bring, and to describe which defendant he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda,* the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3.  **CONCLUSION**

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Docket #1) fails to state a claim on which relief may be granted;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this order on or before **November 2, 2020**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form and a copy of the guides entitled "Answers

to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $346.62 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 2nd day of October, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge