# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HARRY SCHMIDT,

                Plaintiff,

v.

NANCY BOWENS,

                Defendant.

Case No. 19-CV-1826-JPS

**ORDER**

      Plaintiff Harry Schmidt, an inmate confined at the Oshkosh Correctional Institution, filed a *pro se* complaint alleging that Defendant violated his constitutional rights. (Docket #1). The Court granted Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*) and screened the complaint. (Docket #17). The Court ordered Plaintiff to file an amended complaint by November 2, 2020, otherwise the case would be dismissed for failure to state a claim and a "strike" would be issued. (*Id.*) Plaintiff filed an amended complaint on October 28, 2020. (Docket #18). This order screens Plaintiff's amended complaint.

1.     **FEDERAL SCREENING STANDARD**

      Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2. **PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that in 2017, while incarcerated at Oshkosh Correctional Institute ("OCI"), he contracted scabies. (Docket #18 at 2). Plaintiff alleges that Defendant Nancy Bowens ("Bowens"), a nurse practitioner at OCI, violated his Eighth Amendment rights when she

"wouldn't give me the right medication [u]ntil the fourth time" he saw her for treatment. (*Id.*) Bowens saw and treated Plaintiff for scabies on the follow dates in 2017: April 17, April 24, May 1, July 17, July 24, and July 31. (*Id.* at 2–3). From April 17 to July 24, 2017, Bowens treated Plaintiff's scabies by having Plaintiff shower in the Health Services Unit ("HSU"), apply a medicated cream (Triamcinolone Acetonide Cream), wait several hours in HSU, then shower again before going back to his cell. (*Id.* at 2–4). Bowens also provided Plaintiff with cotton gloves to wear to sleep. (*Id.*) At some point during his treatment, when Plaintiff asked Bowens if she was sure that he had scabies, she said yes. (*Id.* at 5). Plaintiff also asked if he could get a second opinion by a doctor, but Bowens told him no. (*Id.*)

On July 31, 2017, Plaintiff went to the nurse's office on his unit and showed the nurse his hands. (*Id.* at 4). The nurse called Bowens and told her that Plaintiff's scabies was bad again. (*Id.*) Later that day, Plaintiff was taken to the HSU, and Bowens placed him in an isolation room while he was given the medication Ivermectin to treat his scabies. (*Id.*) Plaintiff's scabies had resolved when he was released from the HSU on August 7, 2017. (*Id.*)

Plaintiff claims that after August 7, 2017, his skin became irritated by the soap provided at OCI. (*Id.* at 4–5). Bowens treated Plaintiff's irritated skin by using two different creams. (*Id.*) Plaintiff states that his skin irritation is Eczema and that Bowens told him that he will have it for the rest of his life. (*Id.*) Plaintiff alleges that if Bowens had given him the "right medication in the first place," he would not have Eczema now. (*Id.*)

3.     ANALYSIS

Plaintiff's allegations invoke his rights under the Eighth Amendment. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate

Page 3 of 7
Case 2:19-cv-01826-JPS   Filed 11/10/20   Page 3 of 7   Document 19

indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). To sustain this claim, Plaintiff must show: (1) an objectively serious medical condition; (2) that Defendant knew of the condition and was deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *See Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999).

Courts have found that scabies can be a serious medical condition. *See Ciccone v. Sapp*, 238 Fed. Appx. 487, 490 (11th Cir. 2007) ("scabies could be deemed objectively serious"); *Dusenbery v. United States*, 208 Fed. Appx. 180, 182–83 (3d Cir. 2006) (defendant health care provider could be held liable for a violation of inmate's constitutional rights if he believed that the inmate had scabies and deliberately did not treat the disorder). Thus the Court assumes for the purpose of screening that Plaintiff's scabies is a serious medical condition.

Plaintiff's allegations regarding scabies fail to meet the second prong of the deliberate indifference standard. The deliberate indifference has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Negligence cannot support a claim of deliberate indifference, nor does

medical malpractice rise to the level of a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Even if a defendant recognizes the substantial risk, she is free from liability if she "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 843 (1994).

Plaintiff's allegations show that Bowens was not deliberately indifferent to his scabies. When Plaintiff went to Bowens for medical treatment for his scabies, Bowens treated him for several hours each time. Then, on Plaintiff's sixth interaction with Bowens, Plaintiff was put into isolation at HSU and given the medication that resolved his scabies. Plaintiff asserts that he should not have had to wait until his sixth visit to get medication that resolved his scabies. However, the fact that Plaintiff disagrees with a prescribed course of treatment does not constitute deliberate indifference. *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007) (citing *Estelle*, 429 U.S. at 107). At best, Defendant was negligent in providing Plaintiff with medication that did not resolve his scabies until the sixth visit, but negligence is not enough to violate the Constitution. *Estelle*, 429 U.S. at 105–06; *Roe*, 631 F.3d at 857. Further, Bowens was not deliberately indifferent to Plaintiff when she denied him access to a second opinion on his scabies. Plaintiff does not have a constitutional right to receive the treatment of his choosing. *See Forbes v. Edgar*, 112 F.3d 262, 266–67 (7th Cir. 1997); *Reynolds v. Barnes*, 84 F. App'x 672, 674 (7th Cir. 2003) ("[T]he Constitution does not mandate that a prisoner receive exactly the medical treatment he desires.") Although Plaintiff would have liked to have a second opinion on his scabies, he was not entitled to one and Bowens' denial was not a constitutional violation under the Eighth Amendment.

Additionally, Plaintiff offers allegations about his eczema, which developed after his scabies resolved. Eczema is not a serious medical condition. *See Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (alleged eczema, back pain, stomach disorders, allergies, and asthma did not constitute a "serious medical need"); *Tsakonas v. Cicchi*, 308 F. App'x 628, 632 (3d Cir. 2009) (affirming the dismissal of an Eighth Amendment claim premised upon a denial of treatment for weight loss, eczema of the feet, seborrhea of the scalp, athlete's foot, constipation, and swollen knuckles); *McKeithan v. Beard*, No. CIV. A. 06-965, 2010 WL 2028091, at *3–4 (W.D. Pa. Apr. 12, 2010) (eczema did not constitute a serious medical condition). Further, even if Plaintiff's eczema was a serious medical condition, Bowens has not been deliberately indifferent to Plaintiff's eczema. Instead, Bowens has been treating his skin with creams. Therefore, Plaintiff's claims related to eczema do not meet the first prong or second prong of the deliberate indifference standard.

4.  **CONCLUSION**

In sum, Plaintiff's allegations viewed in a light most favorable to him show that Bowens was not deliberately indifferent to his scabies or eczema in violation of the Eighth Amendment. Thus, the Court finds that Plaintiff has failed to state a claim and will dismiss this case with prejudice.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of November, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge